DISTRICT COURT.                              JUNE 1, 1861.

GRAND JURIES.

## A. J. ANTELO'S CASE.

1. A principal purpose of the act of Congress of 16th August, 1856, conferring upon the courts power to discharge grand juries, is to limit disproportionate expense.

2. A presentment should be definite in form, with specifications.

## PRESENTMENT OF GRAND JURY.

A paper was handed in by the foreman of the grand jury, presenting the name of A. J. Antelo, for a while engaged by the Quartermaster-General's Department, for furnishing worthless supplies to the government at exorbitant prices.

The grand jury further stated in their paper that they were ready now to furnish the United States District Attorney with the names of the witnesses, and all other information that he should require.

Judge Cadwalader took the paper and said it would be acted upon by the District Attorney at once.

It was desirable, if further presentments were to be made, that they should be made in a more definite form; in other words, should be accompanied by specifications, so that the District Attorney could act upon them without any original investigations.

The judge further alluded to the length of time they had been in session, and the great expense thus entailed upon the government, and expressed a hope that they would speedily conclude their labors.

The foreman stated that there was important unfinished business before them.

The judge then stated that he would like to hear from them again either in the course of the day or on Monday.

The grand jury then retired, and in the afternoon came into court and presented the following paper, which was read:

*To the Hon. Judge Cadwalader, Judge of the District Court of the United States for the Eastern District of Pennsylvania:*

The Grand Jury, in the conscientious discharge of their duties, have been in the diligent pursuit of an inquiry touching the interests of the United States Government, and of the United States soldiers; they are still in its prosecution, and have yet a large number of witnesses to examine, and they have been conducting it as expeditiously as possible, and have sought the advice and instruction of the District Attorney in the prosecution of their labors, and have, as hurriedly as possible, consistent with the public interest, pushed forward their investigations; but they have been so frequently admonished by the Court of the "enormous" expense attending their sittings, and the anxiety of the Court to discharge this body is so manifest, that our own self-respect compels us to ask the Court to relieve us from further attendance.

At the same time, we would respectfully present, that a further expense than that arising alone from the sittings of this jury, is absolutely necessary to provide decent accommodation for the officers of the Court, and future Grand Juries; and also, that it is only reasonable to expect from the Court a certain amount of respect towards Grand Juries, which has thus far not been accorded us.

In response the Judge read the following:

*Gentlemen of the Grand Jury:*—An act of Congress passed on the 16th of August, 1856, gives to the Court the power to discharge the Grand Jury whenever a further continuance of their session will not in the opinion of the Court subserve the public interest.

One of the purposes of this enactment, if not its principal purpose, is understood to have been to prevent the continuance of the sessions of the Grand Juries from being attended with an expense disproportionate to the public benefit of their investigations. The very limited amount of business of the Federal Courts usually requiring the attention of Grand Juries, seemed to render such an enactment necessary.

The power of the Court under this head conferred by the act of Congress, is attended with a corresponding duty requiring the exercise of the power in certain cases. I have always hoped that my duty would never require me to exercise it at any time at which a Grand Jury might desire to continue their sessions. But the great expenditure incurred in the Courts of the United States for the attendance of Jurors, has induced me ordinarily to mention the subject to Grand Juries in such language as might invite their attention to its importance.

In doing so to the present Grand Jury, I fear that I have been misunderstood. I certainly have been misunderstood by any Grand Juror who may have supposed that I could have had any other feeling for the Grand Jury than that of profound respect.

The business laid before this Grand Jury by the District Attorney on behalf of the United States, has been of limited extent, and cannot have occupied much of their time. The time of the Grand Jury has, however, been occupied in an investigation, as to which I have given them all the aid in my power.

The particular presentment, which as yet has been the single result of their investigations, seemed to the Court wanting in precision, if not in specification.

In stating this to the Grand Jury no disrespect was felt or intended, and I cannot believe that any was exhibited.

The paper which the Grand Jury have since presented apprises the Court that an important investigation is still pending. The Court respectfully suggests to the Grand Jury that this investigation should be prosecuted by them with the continued attention due to its importance. The Court will make no order for its discharge under the circumstances which are stated in this paper.

Recurring to the particular presentment considered wanting in decision, the Grand Jury will understand, that as it contains an accusation of a crime not in the form of an indictment, in a case in which there had not been a previous

hearing before a committing magistrate, the Court intended merely to intimate an inability to take any other order in the business than to refer it to the District Attorney for consideration.